# EXHIBIT 1

Exhibit 1
Page_001

Electronically FILED by Superior Court of California, County of Los Angeles on 09/29/2022 11:35 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Camacho,Deputy Clerk

22BBCV00689

Assigned for all purposes to: Burbank Courthouse, Judicial Officer: John Kralik



Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
2114 North Broadway, Suite 200
Santa Ana, California 92706
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff
NATALIE RIVAS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| NATALIE RIVAS, an individual; | Case No.: |
| | Assigned for all purposes to the |
| Plaintiff, | |
| | **COMPLAINT:** |
| v. | 1. Discrimination in Violation of Gov. Code § 12940 *et seq.* |
| | 2. Failure to Accommodate in Violation of Gov. Code § 12940(m) |
| LABORATORY CORPORATION | 3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n) |
| OF AMERICA, a corporate entity | 4. Gender Discrimination in Violation of Gov. Code § 12940 *et seq.* |
| form unknown; and DOES 1-50, | 5. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k) |
| inclusive, | 6. Violation of Gov. Code §12945 – Pregnancy Leave |
| Defendants. | 7. Retaliation in Violation of Gov. Code §12940(h) |
| | 8. Wrongful Termination |
| | 9. Meal and Rest Break Violations of Labor Code § 226.7 |
| | 10. Failure To Pay Overtime & Wages |
| | 11. Failure To Pay All Compensation at Termination; Waiting Time Penalties |
| | 12. Failure To Provide Employment Records in Violation of Cal. Labor Code §1198.5 *et seq.* |
| | 13. Violation of Business & Professions Code § 17200 *et seq.* |
| | **DEMAND FOR JURY TRIAL** |
| | **UNLIMITED JURISDICTION** |

COMPLAINT

1

Exhibit 1
Page_002

Plaintiff Natalie Rivas (hereinafter "Plaintiff" and/or "Rivas") alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Laboratory Corporation of America ("Labcorp"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Los Angeles. Plaintiff is further informed and believes and thereon alleges that Labcorp was transacting business in the County of Los Angeles, State of California, at the time claims of Plaintiff arose. At all times relevant, Labcorp was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to Labcorp, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

COMPLAINT

2

Exhibit 1
Page_003

Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all times, the actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

COMPLAINT

3

Exhibit 1
Page_004

## **VENUE AND JURISDICTION**

9.    Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Burbank, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Los Angeles, State of California.

## **FACTUAL BACKGROUND**

10.    On or about February 7, 2015, Defendant hired Plaintiff as a phlebotomist. Her job duties included, but were not limited to, drawing and testing blood, administering drug and paternity tests, and front desk work. At 30 years of age, Plaintiff worked hard and earned an hourly wage of $24.00.

11.    On or about November 10, 2020, Plaintiff was injured while performing tasks within the course and scope of her employment with Defendant. Her computer stopped working and she went under the desk to check the wires and plugs. When she did so, she felt a pop in her left knee and it began to swell.

12.    Accordingly, Plaintiff was disabled within the meaning of Gov't Code §12926 because Plaintiff's work-related injury limited Plaintiff from performing major life activities, including, without limitation, working.

13.    Plaintiff immediately reported the incident to Defendant and was sent to the doctor.

14.    The doctor gave Plaintiff work restrictions, but Defendant rejected them and did not accept the letter that the doctor sent.

15.    The doctor sent multiple subsequent letters explaining the restrictions in detail, but Defendant rejected all of them. Although Defendant knew or should have known about Plaintiff's work-related disability, Defendant failed to engage in a good faith interactive process and failed to provide an accommodation.

16.    Additionally, Defendant would send other employees to supervise her after she submitted her work restrictions, in blatant retaliation for her request for accommodations.

COMPLAINT

4

Exhibit 1
Page_005

17.     Plaintiff endured a hostile work environment where she endured harassment at the hands of Defendant and its agents, also on the basis of her sex/gender and pregnancy. Plaintiff had a son in 2018 and was put on maternity leave. Egregiously, she was not given a performance review because she was on maternity leave.

18.     Furthermore, Plaintiff has significant wage-and-hour claims. Due to the excessive workload assigned by Defendant, Plaintiff was not provided time to take breaks since the start of her employment. Thus, Defendant failed to provide 10-minute rest breaks for every four (4) hours worked. Plaintiff is allowed all maximum waiting time penalties for her missing wages and missed rest and meal breaks as afforded by California Law.

19.     On or about November 1, 2021, Defendant terminated Plaintiff. Plaintiff was terminated, upon information and belief, in retaliation against her seeking accommodation for her disability, and in discrimination against her disability and sex/gender.

20.     Plaintiff is informed and believes that she suffered from harassment, discrimination, retaliation, and ultimately termination on the basis of her disability, sex/gender, pregnancy, requests for accommodation, and engagement in protected activity. Further, Defendant utterly failed to engage in a good faith interactive process and failed to offer any reasonable accommodation.

21.     Before filing this lawsuit, Plaintiff exhausted her administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated April 6, 2022.

## FIRST CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*
### (Against All Defendants)

22.     Plaintiff refers to all allegations contained in paragraphs 1-21, inclusive and

Exhibit 1
Page_006

by such reference incorporates the same herein as though fully realleged in detail.

23.    California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

24.    Plaintiff has a disability as alleged above.

25.    Defendant was aware of Plaintiff's on-the-job injury and resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

26.    At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

27.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

28.    Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

29.    As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less

COMPLAINT

6

Exhibit 1
Page_007

than three-hundred thousand dollars ($300,000).

30.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

31.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

32.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

33.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

34.     Plaintiff is informed and believes and thereon alleges that her disability was a motivating factor in the decision of Defendant to discriminate against her and terminate her.

35.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

36.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

COMPLAINT

7

Exhibit 1
Page_008

37.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(m)**

**(Against All Defendants)**

38.    Plaintiff refers to all allegations contained in paragraphs 1-37, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

39.    Plaintiff has a disability as alleged above.

40.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

41.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of her disabilities.

42.    At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

43.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

44.    As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

COMPLAINT

8

Exhibit 1
Page_009

in an amount of at least three-hundred thousand dollars ($300,000), all subject to proof at the time of trial.

45.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

46.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

47.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

48.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

49.    Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and ultimately terminate her.

50.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

51.    The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

COMPLAINT

9

Exhibit 1
Page_010

As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

52.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

### (Against All Defendants)

53.    Plaintiff refers to all allegations contained in paragraphs 1-52, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

54.    Plaintiff has a disability as alleged above.

55.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

56.    Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with her job.

57.    At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

58.    Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

59.    As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

Exhibit 1
Page_011

all in an amount no less than three-hundred thousand dollars ($300,000), subject to proof at the time of trial.

60.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

61.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

62.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

63.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

64.    Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and ultimately terminate her.

65.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

66.    The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

COMPLAINT

11

Exhibit 1
Page_012

As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

67.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

**FOURTH CAUSE OF ACTION**

**GENDER DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940 *et seq.***

**(Against All Defendants)**

68.    Plaintiff refers to all allegations contained in paragraphs 1-67, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

69.    At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant. These sections require Defendant to refrain from discriminating against any employee on the basis of gender.

70.    At the time of Plaintiff's termination, and at all times that Defendant was discriminating against and harassing Plaintiff as alleged herein, Plaintiff was a female. Plaintiff is informed and believes and thereon alleges that her gender was a motivating factor in Defendant's decision to terminate Plaintiff's employment. Said conduct by Defendant was intentional and willful.

71.    Defendant was aware of Plaintiff's gender, as herein alleged, because Defendant maintained Plaintiff's personnel file which specifically references her gender.

72.    At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

73.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's gender, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

74.    Defendants discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's gender in

COMPLAINT

12

Exhibit 1
Page_013

violation of FEHA, and particularly Gov't Code §12940.

75.    As a direct, foreseeable, and proximate result of Defendants discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

76.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

77.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

78.    Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

79.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against female employees. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

80.    The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

81.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

Exhibit 1
Page_014

amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 *et seq.*

### FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

### (Against All Defendants)

82.    Plaintiff refers to all allegations contained in paragraphs 1-81, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

83.    During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of her disability, pregnancy, requesting accommodation, sex/gender, and participation in protected conduct in violation of *Government Code* §12940(k).

84.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

85.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received all to her damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

86.    Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

87.    As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

COMPLAINT

14

Exhibit 1
Page_015

88.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

89.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(h)

#### (Against All Defendants)

90.    Plaintiff refers to all allegations contained in paragraphs 1-89, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

91.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant. This statute requires Defendant to refrain from retaliating against Plaintiff.

92.    Plaintiff is informed and believes and thereon alleges that as a consequence of her resistance of Defendant's harassment, requests for accommodation for her disability, meal and rest breaks, proper compensation including wages and overtime, filing/perceived filing for workers' compensation, and complaints to Defendant about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's gender, pregnancy, and disability sustained while on-the-job for which workers compensation coverage was required along with reasonable accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with her job, failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

93.    Defendant unlawfully retaliated against Plaintiff after she engaged in

Exhibit 1
Page_016

protected activity, such as without limitation, resisting harassment, requesting her meal and rest breaks, requesting proper compensation including wages and overtime, requesting disability accommodations, filing/perceived filing for workers' compensation, and lodging workplace complaints related to the harassment and discrimination that she was facing, and other complaints of a hostile and unsafe working environment.

94.    As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all to her damage in a sum according to proof.

95.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

96.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF GOV. CODE §12945 – PREGNANCY LEAVE

### (Against all Defendants)

97.    Plaintiff refers to all allegations contained in paragraphs 1-96, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

98.    *Gov't Code* §12945 provides in pertinent part, as follows:

(a) In addition to the provisions that govern pregnancy, childbirth, or a related medical condition in Sections 12926 and 12940, each of the following shall be an unlawful employment practice, unless based upon a

COMPLAINT

16

Exhibit 1
Page_017

bona fide occupational qualification:

(1) For an employer to refuse to allow an employee disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable period of time not to exceed four months and thereafter return to work, as set forth in the commission's regulations.

[…]

(C) For an employer to refuse to temporarily transfer a pregnant employee to a less strenuous or hazardous position for the duration of the pregnancy if the employee so requests, with the advice of the employee's physician, where that transfer can be reasonably accommodated.

99.    As set forth above, Plaintiff informed Defendants that she was pregnant, had work restrictions, required accommodation, and, sought to exercise pregnancy accommodations pursuant to *Gov't Code* §12945.

100.    Defendants failed and refused to accommodate Plaintiff in a less strenuous or hazardous position for the duration of the pregnancy. Defendants also failed and refused to return Plaintiff to her original position prior to her exercise of maternity leave in accordance pursuant to *Gov't Code* §12945. Defendants also transferred Plaintiff within the company to a more difficult and less profitable position. Further, Defendant retaliated against Plaintiff based upon her pregnancy, refused to engage Plaintiff in an interactive process, and failed to accommodate Plaintiff, all as more fully alleged above.

101.    As a proximate result of Defendants willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all to her damage in a sum according to proof.

102.    These unlawful acts were further encouraged by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.

COMPLAINT

17

Exhibit 1
Page_018

103.    In light of Defendants' willful, knowing, and intentional discrimination against Plaintiff which culminated in her constructive discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

104.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION

### (Against All Defendants)

105.    Plaintiff refers to all allegations contained in paragraphs 1-104, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

106.    Plaintiff informed Defendant that she suffered from a disability. Further, Defendants were aware of Plaintiff's pregnancy, gender, requests for accommodation, and complaints about her workplace environment.

107.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

108.    *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

109.    *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

110.    *Gov't Code* §12940 *et seq.*, prohibits forms of discrimination against protected classes of employees.

111.    Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against her because: (i) she had suffered a work-related injury/disability, (ii) she was pregnant, (iii) she requested and required reasonable accommodation, (iv) she required an interactive process, (v) she is female, and (vi) she lodged complaints about the hostile working environment, including

Exhibit 1
Page_019

harassment and discrimination.

112.   Plaintiff is informed and believes and thereon alleges that these factors made up Defendant's decision to terminate Plaintiff and/or played an important and integral role in said decision. Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

113.   As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

114.   In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## NINTH CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS OF LABOR CODE §226.7

### (Against all Defendants)

115.   Plaintiff refers to all allegations contained in paragraphs 1-114, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

116.   *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

117.   *Labor Code* §512 provides in pertinent part that, "An employer may not employ an employee for a work period of more than five hours per work day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

118.   *Labor Code* §512 further provides in pertinent part that, "An employer may not employ an employee for a work period of more than 10 hours per day without

Exhibit 1
Page_020

providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

119.   *Labor Code* §516 provides that the industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

120.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

121.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

122.   Likewise, the IWC Wage Order(s) and provisions of the Labor Code require that an employer relieve an employee of duty for a 10-minute break for every four hours worked.

123.   While employed by Defendants, and at all times relevant herein, Plaintiff consistently worked over five (5) hours per shift and therefore was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four (4) hours worked.

124.   At all times relevant herein, Plaintiff did not waive her meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

125.   At all times relevant herein, Plaintiff did not enter into any written

Exhibit 1
Page_021

agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

126.    Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

127.    Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided.

128.    Pursuant to *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

**TENTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME AND WAGES**

**(Against All Defendants)**

129.    Plaintiff refers to all allegations contained in paragraphs 1-128, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

130.    Defendants failed to pay Plaintiff wages for all hours worked, including, without limitation, overtime wages.

131.    From at least four (4) years prior to the filing of this action and continuing to the present, Defendants failed to pay Plaintiff wages for all hours worked, at least in part because Defendants misclassified Plaintiff and required Plaintiff to work overtime but did not compensate her for this time.

132.    Defendants' failure to pay wages and overtime in a timely fashion also constituted a violation of California Labor Code §204, which requires that all wages be paid in semimonthly payments. Each failure to make a timely payment of compensation

Exhibit 1
Page_022

to Plaintiff constitutes a separate violation of California Labor Code §204.

133.   Plaintiff has been damaged by these violations of California Labor Code §§ 204 and 510 and 1194 (and the relevant orders of the Industrial Welfare Commission).

134.   Consequently, pursuant to California Labor Code §§204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all her unpaid wages and overtime compensation, with interest, plus her reasonable attorneys' fees and costs.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL COMPENSATION AT TERMINATION; WAITING TIME PENALTIES

#### (Against All Defendants)

135.   Plaintiff refers to all allegations contained in paragraphs 1-134, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

136.   Defendants failed to pay Plaintiff all wages for all hours worked at the time of Plaintiff's termination.

137.   Defendant's failure to pay wages in a timely fashion at the time of termination constitutes a violation of California *Labor Code* §202 and §204, which require that all wages be paid in timely fashion. Each failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California *Labor Code* §204.

138.   Plaintiff has been damaged by these violations of California *Labor Code* §§ 202 and 204 (and the relevant orders of the Industrial Welfare Commission).

139.   Consequently, pursuant to California Labor Code §§202, 204, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all unpaid wages, with interest, plus reasonable attorneys' fees and costs.

140.   Defendants' failure to pay all compensation at the time of termination, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles Plaintiff to penalties under *Labor Code* §203, which provides

that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due. Plaintiff may also recover reasonable attorneys' fees.

### TWELFTHW CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS

### IN VIOLATION OF CAL. LABOR CODE §1198.5 *et seq.*

**(Against all Defendants)**

141.    Plaintiff refers to all allegations contained in paragraphs 1-140, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

142.    California Labor Code §1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

143.    California Labor Code §226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

144.    California Labor Code §432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

145.    California Labor Code §1198.5 *et seq.*, provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

146.    Plaintiff, via counsel, requested Defendants to provide Plaintiff with her employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

147.    As a result of Defendants' statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

COMPLAINT

23

Exhibit 1
Page_024

148.   By reason of the foregoing, Plaintiff has been left without an adequate remedy at law and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these records as required by law.

149.   Plaintiff is entitled to costs and attorney's fees as provided by applicable law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and (h), and § 1198.5 subdivision (l).

150.   Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

## THIRTEENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (Against All Defendants)

151.   Plaintiff refers to all allegations contained in paragraphs 1-150 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

152.   Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

153.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

154.   By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

155.   Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees

COMPLAINT

24

Exhibit 1
Page_025

under law.

156.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of Defendant, and each of them.

157.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

COMPLAINT

25

Exhibit 1
Page_026

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three-hundred thousand dollars ($300,000);

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.


Dated: September 29, 2022          **SMAILI & ASSOCIATES, P.C.**


By:  */s/ Jihad M. Smaili*
Jihad M. Smaili, Esq.
Stephen D. Counts, Esq.
Attorneys for Plaintiff
NATALIE RIVAS

Smaili & Associates, P.C.

COMPLAINT

26

Exhibit 1
Page_027

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

Dated: September 29, 2022          **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_
　　　Jihad M. Smaili, Esq.
　　　Stephen D. Counts, Esq.
　　　Attorneys for Plaintiff
　　　NATALIE RIVAS

COMPLAINT

27

Exhibit 1
Page_028